S. O. NELSON & Co. *v.* JOHN C. SIMPSON—HILL, McLEAN & Co., Appellants.—BRADLEY, WILSON & Co., PREHN, CLEGG &. Co. and S. O. NELSON & Co., Appellees.

An attachment by mesne process can be legally made only in one of two ways: either by the actual seizure and detention of the property of the debtor, or by garnishment process; that is to say: by service of citation upon the debtor of defendant.

An exception, probably, exists to this rule, where a man attaches a debt due by himself to the person whom he sues; but this exception is *ex necessitate,* the quality of the debtor and creditor being blended in the same person.

A garnishment under *fieri facias,* under the provisions of the Act of 1839, is, by the terms of the Act, deemed to be made only from the date of the service of the interrogatories.

Plaintiffs sold certain bales of cotton to defendant, upon which P. & C. made advances, received the bills of lading and warehouse receipt, and took possession of the cotton. Defendant did not pay for the cotton, and plaintiff sequestered the cotton, claiming vendor's privilege. P. & C. bonded the cotton. Subsequently other creditors of defendant sued out attachments. P. & C. shipped the cotton to Liverpool. After re-imbursing themselves, there was a balance in the hands of P. & C. *By the Court.*—this balance *Phren, Clegg & Co.* hold for defendant or for any of his creditors to whom the court may adjudge it. Their possession is not a possession adverse to that of the plaintiff vendee. The proceeds of the goods represent the goods; at least for the surplus due defendant in account current.

If the vendee sell the goods before he has paid for them, the money due by the second vendee will represent the goods, and the first vendor's privilege will attach thereon.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Semmes & Edwards,* for *Hill, McLean & Co.* and *Bradley, Wilson & Co. Clark* and *Hunton & Bradford,* for appellees.

BUCHANAN, J. (VOORHIES, J., absent.) Writs of attachment were issued by the plaintiffs, and by two other creditors of the defendant, on the same day, the 9th June, 1851.

NELSON
*v.*
SIMPSON.

They were executed as follows :

That of plaintiffs by a general notice of seizure of moneys, effects, rights and credits, in the hands of *Prehn, Clegg & Co.*, on the 9th June, 1851.

That of *Hill, McLean & Co.* by a general notice of seizure in the hands of the same parties, on the same day, but at a later hour than that of plaintiffs; and also by service of citation, petition and interrogatories to *Prehn, Clegg & Co.*, as garnishees, on the the 14th June, 1851,

That of *Bradley, Wilson & Co.* by service of petition, citation and interrogatories to *Prehn, Clegg & Co.*, as garnishee, on the 12th June, 1851.

All of these attaching creditors have obtained judgments against the defendant, and upon a rule to which they were all parties, it was decreed by the District Court that the funds in the hands of *Prehn, Clegg & Co.* be paid to *Bradley, Wilson & Co.*, as being the first to make the garnishees parties by actual citation. From this judgment the plaintiffs and *Hill, McLean & Co.* have appealed.

It has been settled by two decisions in 6th Annual (*Stockton* v. *Downey* and *Page* v. *Ginens*) that an attachment by mesne process can only be legally made in one of two ways : either by the actual seizure and detention of the property of the debtor, or by garnishment process, that is to say, service of citation upon the debtor of the defendant. An exception probably exists to this rule, where a man attaches a debt due by himself to the person whom he sues ; but then the exception is *ex necessitate*, the quality of the debtor and creditor being blended in the same person ; and the idea of a man citing himself to appear and answer to his own demand, being an absurdity.

In the present case there has been no actual seizure and detention of the debtor's property under any of the attachments. But in two of them there was garnishment process, under the writs of attachment and before judgment, as required by Art. 250 of the Code of Practice. The plaintiff also issued garnishment process, but not under his writ of attachment. His garnishment was under the *fieri facias* issued in execution of his judgment, and was based upon the Act of 1839 (Session Acts 166.) By the terms of that statute, his levy was only deemed to be made from the date of the service of his interrogatories, consequently long after the attachment in the other two cases.

Plaintiffs also claim the vendor's privilege upon a portion of the funds in the hands of *Prehn, Clegg & Co.* This claim is resisted on the ground that the property sold was no longer in the possession of their vendee, the defendant, when the suit was brought, and that the privilege of vendor was consequently lost under the Art. 3194 of the Code.

The demand of plaintiffs is based upon a sale of cotton. Defendant managed to obtain delivery of the cotton without paying for it, and procured advances upon it, from *Prehn, Clegg & Co.*, by putting the latter in possession of bills of lading and cotton press receipts for the property. The plaintiffs sued out a sequestration, alleging privilege of vendor, under which they sequestered, on board ships in port, two hundred and forty-one bales cotton ; and at a cotton press one hundred and one bales more, being a portion of those sold by them to defendant. The property thus sequestered was bonded by *Prehn, Clegg & Co.*, on the 11th June, 1851, before the attachments of *Bradley, Wilson & Co.* or *Hill, McLean & Co.* were levied. *Prehn, Clegg & Co.*, after bonding, forwarded the cotton to their house in Liverpool, who sold there " on account and risk of *John C. Simpson*," and have rendered accounts sale, and an account

<div style="float:right">NELSON
*v.*
SIMPSON.</div>

current, showing a balance to the credit of defendant, after re-imbursing themselves, advances and charges, of $1165 51 upon cotton sequestered by plaintiffs.

This balance *Prehn, Clegg & Co.* hold for defendant, or for any of his creditors to whom the court may adjudge it. Their possession is not a possession adverse to that of the plaintiffs' vendee, as in the case of *Fetter* v. *Field*, 1 An.; *Laughlin* v. *Ganahl*, 11th Rob., or *Lee* v. *Galbraith*, 5th An. The proceeds of the goods represented the goods, at least for the surplus due defendant in account current. In the case of *Thayer* v. *Goodale*, 4th La., the court held that if the vendee sell the goods before he has paid for them, the money due by the second vendee will represent the goods, and the first vendor's privilege will attach thereon. This dictum of Judge Martin seems applicable to the present case.

The plaintiffs' claim is limited, as shown by their rule, to the balance due defendant upon the books of *Prehn, Clegg & Co.*, arising from the sales of the cotton which defendant bought of plaintiffs, being $1165 51, as above stated. This sum they are entitled to receive in preference to the appellees.

*Hill, McLean & Co.* have also appealed from the judgment, upon the rule for distribution. Their answer to the rule claims the privilege of vendor. That question has been already decided against them, *quoad Prehn, Clegg & Co.* See 8th An., *Hill, McLean & Co.* v. *Simpson.* The decision in that case does not, however, conclude them from reasserting their claim contradictorily with the other attaching creditors of defendant, upon the balance to the credit of the latter, in the hands of *Prehn, Clegg & Co.* Upon the views which we have expressed, they are entitled to a judgment for the portion of that balance, proceeds of the cotton by them sold, being the sum of $3111 85.

It is therefore adjudged and decreed, that the judgment of the District Court be reversed, and that the appellants, *S. O. Nelson & Co.*, recover out of the fund in the hands of *Prehn, Clegg & Co.*, $1165 51; that the appellants, *Hill, McLean & Co.*, recover out of the same fund $3111 85, and that the appellees, *Bradly, Wilson & Co.*, pay costs of the rule for distribution and the appeal.

SLIDELL, C. J. Concurring with my brethren on the subject of the vendor's privilege, I have not deemed it necessary to form an opinion on the question of the effect of a notice of seizure, unaccompanied by interrogatories, &c., in cases of attachment.